IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

BRANCH BANKING AND TRUST
COMPANY,

    Plaintiff,

      v.

ROBERT M. KWATNEZ,

    Defendant.

CIVIL ACTION FILE
NO. 1:12-CV-2638-TWT

OPINION AND ORDER

In this case, the Plaintiff seeks to recover on an outstanding note while the

Defendant contends he signed a modification to the note.  The Defendant also brought

a slew of counterclaims seeking to limit the Plaintiff's ability to recover under the

note.  Because the Defendant cannot sustain his counterclaims and has not produced

satisfactory evidence of a modification of the note, the Court will grant the Plaintiff's

motion for summary judgment.  The Court directs counsel to submit a proposed

judgment in chambers.

I.  Background

The Plaintiff, Branch Banking and Trust Company ("BB&T"), made a loan in

the amount of $750,000 to Defendant Robert Kwatnez in August 2005.  The

Defendant executed a promissory note in that amount (the "Note").  (See Pl.'s Mot.

T:\ORDERS\12\Branch Banking and Trust\12cv2638\msjtwt2.wpd

for Summ. J., Ex. A).  On November 2, 2012, counsel for the Plaintiff sent a notice

of non-payment and a demand for payment under the Note.  (See Pl.'s Mot. for Summ.

J., Ex. B).  The notice also informed the Defendant of the Plaintiff's intention to

collect attorney's fees if the balance was not repaid within ten days.  (Id.)  As of

February 23, 2013, the Defendant had not paid the balance due under the Note.  The

total balance due on that day was $500,320.84, including $404,803.97 in principal and

$95,516.87 in interest.  (See Beck Aff. ¶¶ 12-17).

The Plaintiff filed its motion for summary judgment on February 25, 2013.  The

Plaintiff seeks summary judgment as to its claims for recovery under the Note, for

breach of contract, and for statutory attorney's fees under O.C.G.A. § 13-1-11, as well

as for post-judgment interest.  The Plaintiff also seeks summary judgment with respect

to the Defendant's counterclaims, which the Plaintiff argues are insufficiently pled

and without merit.

## II.  Motion for Summary Judgment Standard

Summary judgment is appropriate only when the pleadings, depositions, and

affidavits submitted by the parties show that no genuine issue of material fact exists

and that the movant is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(c).

The court should view the evidence and any inferences that may be drawn in the light

most favorable to the non movant.  Adickes v. S.H. Kress and Co., 398 U.S. 144, 158-

159 (1970).  The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).  The burden then shifts to the non-movant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact exists.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

### III.  Discussion

#### A.  The Plaintiff's Claims on the Note and for Breach of Contract

"In an action on a promissory note, Plaintiff may establish a prima facie right to judgment as a matter of law by producing the promissory note and showing that it was executed."  Fink v. Hobbs, No. 1:02-cv-202-2, 2005 WL 2406060, at *2 (M.D. Ga. Sep. 28, 2005) (citing Jay Gleason Advertising Svc. v. Gleason, 193 Ga. App. 445 (1989)).  Here, the Plaintiff has produced the Note and it is undisputed that the Defendant executed the Note.  (See Pl.'s Mot. for Summ. J., Ex. A). Additionally, the Defendant admits that he did not meet his obligations on the Note.  (Kwatnez Dep. at 24-25).

Because the Plaintiff has established a prima facie right to judgment on the Note, the Defendant has the opportunity to raise an affirmative defense.  Fink, 2005 WL 2406060, at *2 (citing Kelly v. Pierce Roofing Co., 220 Ga. App. 391, 392-93 (1996)).  The Defendant contends that he executed a modification of the Note that

provided a 35 month extension.  However, this contention is insufficient to create an

issue of material fact with respect to the Note for at least three reasons.  First, the

Defendant's oral testimony about the agreement does not satisfy Federal Rule of

Evidence 1002 and is therefore inadmissible.  See Fed. R. Evid. 1002; id. 1004

(requiring the original writing or proof that the document has been lost or destroyed).

The Defendant only argues that the Plaintiff "presumably lost" the agreement.  The

Defendant does not state why he himself has not produced a copy of the modification.

Second, in his deposition the Defendant stated that he could not recall whether he had

in fact signed an extension on the Note.  (Kwatnez Dep. at 30-32).  Third, the Note

itself provided that "[n]o waivers or modifications shall be valid unless in writing and

signed by the [Plaintiff]."  (Pl.'s Mot. for Summ. J., Ex. A, at 16).  The Defendant has

not shown that there is a written modification of the Note that was signed by the

Plaintiff.

The Defendant also argues that the Plaintiff's evidence of indebtedness is

inadmissible.  However, the documents submitted by BB&T qualify for the business

records exception to the hearsay rule.  The Beck Affidavit, which establishes the

Defendant's indebtedness, relies on the loan history statement and the payoff

statement maintained by the Plaintiff.  See Wells Fargo Bank, N.A. v. SFPD II, LLC,

No. 1:11-cv-04001-JEC, 2013 WL 541410, at *3-4 (N.D. Ga. Feb. 12, 2013)

(concluding that an affidavit relying on a loan history statement and the payoff statement to show liability and the amount of indebtedness qualified for the business record exception to the hearsay rule); (Beck Aff. App'x. 1 & 2). Accordingly, there is not an issue of fact with respect to the Plaintiff's action to collect on the Note. For the same reasons, there is not an issue of fact with respect to the Plaintiff's claim for breach of contract. The Plaintiff's motion for summary judgment should be granted with respect to its claims for recovery under the Note and for breach of contract.

### B.    The Plaintiff's Claim for Attorney's Fees

The Court concludes that the Plaintiff has satisfied the requirements of O.C.G.A. § 13-1-11 and is therefore entitled to attorney's fees. O.C.G.A. § 13-1-11 provides that "[o]bligations to pay attorney's fees upon any note … shall be valid and enforceable and collectable as a part of such debt if such note or other evidence of indebtedness is collected by or through an attorney after maturity." O.C.G.A. § 13-1-11(a). Here, the Note includes an obligation to pay attorney's fees. (See Pl.'s Mot. for Summ. J., Ex. A, at 16). Further, the Plaintiff has hired counsel to collect the debt, and the Plaintiff's counsel sought to collect the debt after the Note matured in 2010. Additionally, the Plaintiff properly notified the Defendant of its intention to collect attorney's fees. See O.C.G.A. § 13-1-11(a)(3). Because the Note here does not specify a percentage of the debt due as attorney's fees, the Plaintiff is entitled to

attorney's fees equaling fifteen percent of the first $500 of debt and ten percent of the remaining principal and interest due under the Note.  See O.C.G.A. § 13-1-11(a)(2). Accordingly, the Plaintiff's motion for summary judgment should be granted.

      C.      <u>The Defendant's Counterclaims</u>

The Defendant brings a slew of counterclaims.  He stylizes his counterclaims as follows: lack of personal jurisdiction, insufficiency of process, insufficiency of service of process, failure to join a party under Rule 19, failure to provide right to cure default, estoppel, failure to comply with contracts, failure to satisfy conditions precedent, breach of contract and breach of covenant of good faith and fair dealing, deficiency judgment barred, laches, partial tender, payment/discharge, release, accord and satisfaction, unclean hands, consent, statute of limitations, limitation of damages, and set-off.  The Defendant does not address his counterclaims in his response to the Plaintiff's motion for summary judgment.  None of the counterclaims can survive summary judgment.

In short, the record shows that the Defendant is domiciled in Georgia and was properly served through his wife who resides at his address.  Diversity jurisdiction is proper as the Plaintiff is a citizen of North Carolina and the Defendant is a citizen of Georgia.  There is no indication that another entity must be party to this suit under Rule 19.  There is no obligation in the Note to provide a right to cure default.  There

are no facts indicating that the Plaintiff failed to comply with the Note, failed to comply with any contracts, failed to satisfy any conditions precedent, breached any contracts, or violated the covenant of good faith and fair dealing. Likewise, no facts indicate that the Plaintiff is estopped from bringing its case. Further, there are no facts indicating that the Defendant's counterclaims asserting laches, partial tender, payment/discharge, release, unclean hands, consent, limitation of damages, or set-off should survive the Plaintiff's motion for summary judgment. Similarly, there is nothing indicating that a statute of limitations bars the Plaintiff's suit. Finally, the counterclaim that a deficiency judgment is barred is misplaced because the Note here, which is governed by Georgia law, is unsecured and therefore does not implicate O.C.G.A. § 44-14-161. (See Pl.'s Mot. for Summ. J., Ex. A, at 16). As noted, the Defendant did not argue in support of his counterclaims in his response to the Plaintiff's motion for summary judgment. Accordingly, the Plaintiff's motion for summary judgment should be granted.

## IV. Conclusion

For the reasons set forth above, the Plaintiff's Motion for Summary Judgment [Doc. 30] is GRANTED. Counsel are directed to submit a proposed judgment to the Court in chambers addressing the amount due on the Note and the attorney's fees due.

SO ORDERED, this 3 day of September, 2013.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge